UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Reliance Insurance Co., | ) | CASE NO. 1:01 CV 62 |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Keybank U.S.A., National Association, | ) | **Order** |
| | ) | |
| Defendant/Counter-Claimant/ | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Tri-Arc Financial Services, Inc., et al., | ) | |
| | ) | |
| Third Party Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Motion of Swiss Reinsurance America Corporation and North American Specialty Insurance Company for Leave to Amend their Answer to Keybank's Second Amended Answer and Counterclaim by Adding a Counterclaim Against Keybank for Spoliation of Evidence (Doc. 562). This case arises out of residual value insurance

1

coverage provided to Key and reinsurance associated with that coverage. For the reasons that follow, the motion is DENIED.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading shall be freely given "when justice so requires." Fed. R. Civ. Pro. 15(a); *See also Wade v. Knoxville Utilities Board*, 259 F.3d 452 (6th Cir. 2001). In determining whether to grant leave to amend, this Court must consider several factors. "Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failures to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision." *Id*. at 458. To deny a motion for leave to amend, a district court cannot base its decision on delay alone and, instead, must determine whether the amendment will cause significant prejudice to the nonmoving party. *Duggins v. Steak 'N Shake*, 195 F.3d 828, 834 (6th Cir. 1999). However, when an amendment is sought at a late stage in the litigation, there is an increased burden to show justification on the part of the party requesting the amendment. *Wade*, 259 F.3d at 459; *See also Duggins*, 195 F.3d at 834. Lastly, a motion for leave to amend may be denied for futility "if the court concludes that the pleading as amended could not withstand a motion to dismiss." *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 249 (6th Cir.1986). *See also Midkiff v. Adams County Regional Water District*, 409 F.3d 758, 767 (6th Cir. 2005).

## DISCUSSION

During the course of this litigation, Swiss Re learned that, as a result of Key's e-mail retention policy, a number of emails potentially relevant to this lawsuit were permanently deleted. As a result, Swiss Re moves the Court to amend its answer in order to assert a

counterclaim for spoliation of evidence. Key opposes Swiss Re's motion.

Swiss Re argues that the Court should allow the amendment because it just recently uncovered the fact that Key destroyed emails during this litigation. Swiss Re further claims that a claim for spoliation must be asserted along with the underlying lawsuit or the claim is lost. As such, Swiss Re argues that it satisfies the "good cause" requirement for seeking an amendment after the Court's deadline has passed. Key argues that Swiss Re's motion should be denied because a claim for spoliation of evidence is not available to a defendant. Rather, according to Key, only a plaintiff to the underlying claim may assert the separate tort of spoliation. Key further argues that even if such a claim was available to a defendant, Swiss Re's proposed counterclaim does not adequately allege the elements of a spoliation claim. Swiss Re responds that Ohio does permit a plaintiff to assert a claim for spoliation. Swiss Re further argues that the proposed counterclaim states a claim for which relief may be granted.

Upon review of the parties' arguments and the relevant law, the Court finds that Swiss Re's motion must be denied. Ohio is one of the few jurisdictions that recognizes a separate tort for intentional spoliation of evidence. *See Smith v. Howard Johnson Co.*, 615 N.E.2d 1037 (Ohio 1993) (recognizing claim for spoliation of evidence); *Fletcher v. Dorchester Mut. Ins. Co.*, 773 N.E.2d 420, 424 (Mass. 2002)("most jurisdictions that have considered [whether to recognize an independent claim for spoliation] have declined to recognize such a cause of action"). The elements of a claim for intentional spoliation of evidence are,

> (1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts.

3

*Smith*, 615 N.E.2d at 1038.

The purpose of allowing a separate claim for spoliation of evidence is to protect a plaintiff's expectancy interest in the underlying claim. *See, Smith v. Superior Court of Los Angeles County*, 151 Cal.App.3d 491 (Cal. Ct. App. 2d Dist. 1984)(purpose of separate claim for spoliation is to compensate plaintiff for defendant's intentional interference with prospective economic advantage), *abrogated by Cedars-Sinai Med. Cent. v. Superior Court of Los Angeles*, 18 Cal.4th 1 (Cal. 1998).[1] For example, in the event a defendant in a negligence action destroys relevant evidence, the plaintiff may be unable to collect on the underlying negligence claim. Thus, the spoliation caused "interference" with plaintiff's expectancy interest. No such comparable interest is protected by allowing a defendant to assert a claim for spoliation against the plaintiff.

Swiss Re argues that the Ohio Supreme Court's language in *Smith* is sufficiently broad so as to permit a claim for spoliation by a defendant against a plaintiff. Specifically, Swiss Re points out that the court indicated that a claim for intentional spoliation "should be recognized between the parties to the primary action and against third parties." *Smith*, 615 N.E.2d at 1038. According to Swiss Re, by indicating that the claim should be recognized "between the parties," the court contemplated that either party to an action could assert a claim for spoliation.

This Court disagrees with Swiss Re's interpretation of the court's language in *Smith*. In *Smith*, the Ohio Supreme Court answered questions certified by the Southern District of Ohio

---

[1] *Smith v. Superior Court of Los Angeles* is the first court in the country to have recognized an independent claim for spoliation. The California Supreme Court has since made clear that no such claim exists in that state, thus abrogating *Smith*.

4

related to whether Ohio recognizes a separate and independent tort based on the spoliation of evidence. Due to the posture of the case, the court's opinion does not apply the law to any particular set of facts and does not contain any detailed analysis of the nature and extent of the claim. Rather, the court answered the certified questions in a single paragraph. One of the questions certified to the court was worded as follows,

> Does such a claim exist between the parties to the primary action, i.e., the action in which the spoliated evidence would have been used, or does it only exist against third-party spoliators?

*Id*.

The question posed to the Ohio Supreme Court focused on whether a claim for spoliation is limited to third-party spoliators. Undoubtedly, the reason for the district court's question stemmed from the fact that discovery sanctions and limiting instructions are available against first-party, but not third-party, spoliators. *See, Oliver v. Stimson Lumber Co.*, 993 P.2d 11 (1999)(recognizing spoliation claim only as to third-party spoliators in part because sanctions are available with respect to first-party spoliators). The fact that the Ohio Supreme Court answered the question in the affirmative and adopted the phraseology used by the district court does not shed light on whether a defendant may assert a spoliation claim. That question simply was not before the Ohio Supreme Court. Moreover, at least one Ohio court of appeals has interpreted Smith as precluding a defendant from asserting a claim for spoliation. *See, Hess v. Norfolk Southern Railway Co.*, 795 N.E.2d 91, 99 ("...*Smith* is confined to spoliation of evidence caused by the defendant injuring the plaintiff's case...").

Of the few states that recognize an independent tort claim for spoliation, at least one court has expressly limited the claim to defendants. *See, Fox v. Mercedes-Benz Credit Corp.*, 658

A.2d 732, 735-36 (N.J. Super. Ct. 1995)(claim for spoliation not available to defendant). *See also, Unigard Security Ins. Co. v. Lakewood Eng'g & Mfg'g Corp.*, 982 F.2d 363, 371 ("the spoliation tort has only been applied when a defendant–or a third party with a duty to the plaintiff– has spoliated evidence"). Moreover, it appears that legal commentators agree that no such claim either exists or should exist. *See*, Christopher B. Major, *Where's the Evidence? Dealing with Spoliation by Plaintiffs in Product Liability Cases*, 53 S.C.L. Rev. 415, 416-17 (2002)("no jurisdiction has made an independent tort cause of action [for spoliation] available to defendants"); Kathleen L. Daerr-Bannon, *Cause of Action for Spoliation of Evidence*, 19 Causes of Action 2d 249 (2004)("the plaintiff in the spoliation case is almost always the plaintiff in the underlying case unless, possibly, [the] defendant in the underlying case is a counterclaimant...").[2]

For the above stated reasons, the Court finds that a defendant to an underlying action cannot maintain a claim for spoliation of evidence. Rather, this Court believes that the traditional remedies available to a defendant faced with spoliation perpetrated by the plaintiff are sufficient.

---

[2] In support of its contention that a claim for spoliation exists against a plaintiff, Swiss Re cites a number of cases. This Court has reviewed the case law cited by Swiss Re. The majority of the cases do not involve a *claim* for spoliation, rather they speak generally to spoliation engaged in by the plaintiff. *See, e.g., Cincinnati Ins. Co. v. General Motors Corp.*, 1994 WL 590566 (Ohio Ct. App. 6th Dist. Oct. 28, 1994)(plaintiff must preserve evidence or be subjected to sanctions). Others contain only passing references to the existence of "defendant's claim" for spoliation without any accompanying analysis. *See, e.g., Yoder v. Kuvin*, 785 So.2d 679 (Fla. Ct. App. 3rd Dist. 2001). While arguably *Hannah v. Heeter*, 584 S.E.2d 560 (W.V. 2003), supports Swiss Re's position, the Court agrees with Key that the opinion itself is internally inconsistent and, therefore, of little persuasive value.

Having so concluded, the Court need not reach Key's remaining arguments, i.e., whether Swiss Re adequately alleges a claim for spoliation of evidence.

**CONCLUSION**

For the foregoing reasons, the Court denies the Motion of Swiss Reinsurance America Corporation and North American Specialty Insurance Company for Leave to Amend their Answer to Keybank's Second Amended Answer and Counterclaim by Adding a Counterclaim Against Keybank for Spoliation of Evidence.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 8/25/05